**Pedro CUADRA, Plaintiff–Appellant,**

v.

**James E. SULLIVAN,
Defendant–Appellee.**

No. 411, Docket 86–2330.

United States Court of Appeals,
Second Circuit.

Argued Nov. 18, 1987.

Decided Jan. 12, 1988.

Helena Pichel Solleder, New York City, for plaintiff-appellant.

Lisa M. Rubin, Asst. Dist. Atty., Bronx, N.Y. (Mario Merola, Dist. Atty. for Bronx County, Billie Manning, Asst. Dist. Atty., Bronx, N.Y., on the brief), for defendant-appellee.

Before LUMBARD, KEARSE and ALTIMARI, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner Pedro Cuadra, a New York State ("State") prisoner, appeals from a final judgment of the United States District Court for the Southern District of New York, Peter K. Leisure, *Judge,* dismissing his *pro se* petition for a writ of habeas corpus challenging his conviction on grounds of, *inter alia,* insufficiency of the evidence, denial of effective assistance of counsel, and denial of a fair trial. The district court summarily dismissed the petition on its merits without requiring a response from the State. For the reasons below, we vacate and remand for further proceedings.

## I. BACKGROUND

In March 1982, after a jury trial in New York State Supreme Court, Cuadra was convicted on one count of sexual abuse in

the first degree and one count of assault in the second degree and was sentenced to concurrent indeterminate prison terms of 3½ to 7 years. On appeal to the Appellate Division, Cuadra argued, *inter alia*, that he had been denied a fair trial because of the court's charge on reasonable doubt, and that the evidence was insufficient to sustain his conviction of assault. His conviction was affirmed without opinion, *People v. Cuadra*, 102 A.D.2d 1014, 481 N.Y.S. 2d 841 (1st Dep't 1984), and leave to appeal to the New York Court of Appeals was denied, 63 N.Y.2d 774, 481 N.Y.S.2d 1027, 470 N.E.2d 872 (1984). Thereafter, Cuadra moved pursuant to N.Y.Crim.Proc.Law § 440.10 (McKinney 1983) to vacate his conviction on the ground of the ineffectiveness of his trial counsel. The motion was denied, and leave to appeal that ruling was denied by the Appellate Division.

In December 1986, Cuadra petitioned *pro se* in the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). Using a habeas petition form provided to state prisoners, Cuadra alleged that he had been denied a fair trial because the trial court improperly admitted certain hearsay testimony during his trial and gave an erroneous jury instruction on the issue of reasonable doubt; that the evidence was insufficient to sustain his conviction of assault; and that he had been denied the effective assistance of counsel. Attached to the form petition were approximately nine typed pages setting forth details as to each of his claims.

According to the petition, Cuadra had been charged with (1) rape in the first degree, (2) sexual abuse in the first degree, and (3) assault in the second degree. He was acquitted of the rape charge and convicted of sexual abuse and assault. The petition challenged the assault conviction on the ground that, in light of the minimal amount of medical attention required by the complainant, Anna Falcon, the evidence was insufficient to establish that Falcon had suffered "physical injury" sufficient to constitute "impairment of physical condition or substantial pain," *see* N.Y. Penal Law § 10.00(9) (McKinney 1987). The petition alleged that Cuadra had been denied a

fair trial by the introduction of hearsay testimony that Falcon told the doctor who attended her that she had been raped and assaulted. With respect to the claim of ineffectiveness of counsel, Cuadra alleged, *inter alia*, that his trial attorney had failed to conduct any real factual investigation in order to prepare a defense and had made no pretrial motions to suppress certain evidence. In addition, he alleged that his attorney had failed to object to the introduction of a hospital record of a gynecological analysis that was performed on April 4, 1981, prior to the date of the alleged assault by Cuadra, and which bore the name "Rosa Anna Filamina," *i.e.*, not the name of the complainant in Cuadra's case. With respect to the jury charge, the petition alleged that the trial court told the jurors that they could find a reasonable doubt of guilt only if the juror harbored a reasoned uncertainty

> *and* (that juror) was also satisfied that entertaining such a doubt (he or she was) acting as a reasonable person should act in a matter of this importance, *then* that is a reasonable doubt of which the defendant is entitled to the benefit.

(Emphasis in petition.) Cuadra argued that this instruction diluted the State's burden of proof on reasonable doubt. He contended that the evidence against him was not overwhelming, pointing out that he had been acquitted on the rape count, and argued that an unambiguous jury charge might have changed the outcome of the other counts.

The district court dismissed the petition on its merits without requiring the State to file any response. In a five-page Opinion & Order dated March 28, 1986 ("Opinion"), the court concluded that the allegations of the petition were insufficient to support a claim that Cuadra's constitutional rights had been violated. It found, *inter alia*, that the claimed hearsay evidence was not hearsay and that the evidence described in the petition was itself sufficient to support the assault conviction. It rejected the claim of ineffective assistance of counsel on the grounds (1) that "[t]he laundry list of mistakes allegedly made by Mr. Cua-

dra's counsel is just that, a list. No explanation is given why such motions should have been made or what counsel's alleged lack of pretrial investigation failed to uncover," Opinion at 4, and (2) that the petition revealed that counsel had in fact moved for dismissal at trial on grounds of insufficiency of the evidence. As to the jury charge, which the district court interpreted as instructing the jury "that a subjective conclusion of reasonable doubt was insufficient to acquit," *id.*, the court concluded that there was "nothing erroneous with the charge that raise[d] an issue of Constitutional magnitude. While it may have been better for the court not to have advised the jury in the precise manner it did, the instruction properly emphasized the requirement that the jurors determine that any doubts they may have were reasonable...." *Id.* at 4–5.

Judgment was entered dismissing the petition, and the district court denied Cuadra a certificate of probable cause to appeal, *see* 28 U.S.C. § 2253. This Court granted a certificate of probable cause and appointed counsel to represent Cuadra on the appeal.

## II. DISCUSSION

On appeal, Cuadra contends that the district court should not have dismissed the petition on its merits without requiring a response from the State and having a more fully developed record. The State contends that the petition must be dismissed because it contains a mixture of exhausted and unexhausted claims and that, in any event, the district court correctly found that all of the claims lacked merit. We conclude (1) that the district court should not have dismissed the petition on its merits without requiring a response from the State and perhaps allowing an opportunity for augmentation of the record, and (2) that, on remand, the court should not address the merits of the petition at all if it finds that the petition contains claims that have not been exhausted in state court and Cuadra does not abandon the unexhausted claims.

### A. *Summary Dismissals on the Merits*

The proper treatment of federal habeas petitions filed by state prisoners is set forth in the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Although the Habeas Rules contemplate more than the "notice" pleading envisioned by the Federal Rules of Civil Procedure, *see* Habeas Rule 4 Advisory Committee Note, they do not require that the petitioner plead evidentiary detail in his petition. Rather, the Habeas Rules require that the petition set forth facts supporting the grounds of the petition "in summary form." Habeas Rule 2. In order that governmental custodians not be overburdened by the need to respond to petitions that are frivolous, Habeas Rule 3(b) provides that "[t]he filing of the petition shall not require the respondent to answer the petition or otherwise move with respect to it unless so ordered by the court"; Habeas Rule 4 provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

The thrust of Habeas Rule 4, however, is that the court is to order a summary dismissal without requiring a response only when the petition is "frivolous." Habeas Rule 4 Advisory Committee Note. A legal point that is arguable on its merits is by definition not frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Thus, Habeas Rule 4 does not contemplate that the court will, without requiring a response from the custodian or otherwise ordering some supplementation of the record, decide a petition on its merits when there is any constitutional claim that, given the facts summarized in the petition, is arguable on its merits. Accordingly, we have ruled that summary dismissal of a habeas petition prior to requiring a response is appropriate only where the petition indicates "that petitioner can prove no set of facts to support a claim entitling him to relief." *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir.1983). And where the petitioners are *pro se*, the district court

"should review habeas petitions with a lenient eye, allowing borderline cases to proceed." *Id.* In sum, the *"[s]ua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court." *Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 990 (2d Cir.1982).

 In determining whether a stated claim is arguable on its merits, the court must take care to recognize that a determination that a petition does not plainly reveal a right to relief is not, logically, the same as a determination that a petition plainly reveals the absence of a right to relief. A petition that itself reveals the petitioner has no right to relief may properly be regarded as presenting no arguable claim and hence as frivolous. A petition that is not so self-defeating, however, need not, in order to escape instant dismissal, show to a certainty or even to a probability that a constitutional violation has occurred; it is sufficient that the facts pleaded "point to a 'real possibility of constitutional error.'" Habeas Rule 4 Advisory Committee Note. When the petition presents such a possibility, the district court should not dismiss without requiring a response from the respondent or taking other action to allow development of the record.

This framework for review of the petition itself does not mean, of course, that the court could not properly grant a motion by the respondent to dismiss on the pleadings or a motion for summary judgment on the basis of a somewhat more developed record. It means merely that when a petition alleges a claim of constitutional dimension that is arguable on its merits, the petitioner should normally be given some chance to argue it.

 In the present case, Cuadra's petition plainly asserts several claims of constitutional magnitude, to wit, denial of effective assistance of counsel, insufficiency of the evidence to support the verdict of guilty on the assault charge, and improper instruction on reasonable doubt. While we would agree with the district court's evalu-ation that Cuadra's claim of insufficiency of the evidence seems frivolous on its face, the claims of ineffective assistance of counsel and error in the jury charge seem plainly arguable on their merits.

The claim that Cuadra was denied the effective assistance of counsel set forth, though partially in summary form, the factual bases for the claim, *i.e.,* that counsel had failed to make any factual investigation, that he had failed to make motions to suppress certain specified evidence, and that he had failed to object to the introduction of certain specified evidence. To an extent, the petition also went into unusually great detail as to the failure to object to evidence, indicating that among the documents admitted at trial without objection were laboratory reports indicating that the subject of the report had been raped, but that the subject of those reports was not the person allegedly attacked by Cuadra. The district court's rejection of this claim on the grounds that "no explanation is given why" suppression motions should have been made or what the investigation would have uncovered, or how the admission of challengeable evidence prejudiced Cuadra's defense, would have been more appropriate if no such explanations had been forthcoming after the State had responded and Cuadra had been given an opportunity to provide additional details. But the Habeas Rules do not require that the petition itself contain evidence or explanations, and at the pleading stage, it must be regarded as at least arguable that counsel's failure to challenge the admission of rape evidence about the wrong victim "fell below an objective standard of reasonableness" and prejudiced Cuadra's defense. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Nor do we find appropriate the district court's added reason for instantly dismissing the claim of ineffective assistance of counsel, *i.e.,* that the petition revealed that counsel had moved to dismiss the case on the ground of the insufficiency of the evidence. We see no indication that the district court had before it any portion of the trial record other than the excerpts quoted

in the petition, and we know of no per se rule that the mere making of such a motion eliminates any possible argument, whatever else the record may show, that counsel has failed in other respects to perform up to the standard of competence normally demanded of a defense attorney in a criminal case.

The court's summary dismissal of the challenge to the jury charge on reasonable doubt was also, at best, premature. The court found a flaw in the instructions, noting that "it m[ight] have been better for the [trial] court not to have advised the jury in the precise manner it did." While it may be, as the district court intimated, that as a whole the charge did not deprive Cuadra of the proper reasonable-doubt standard, it does not appear that the court had before it the charge as a whole. We think that when a flaw in the charge has been found, it is difficult to conclude that the petition is frivolous and inadvisable to conclude that the error was harmless without a review of the charge as a whole.

We reiterate that lack of merit is not synonymous with frivolity. Although a more fully developed record may reveal that Cuadra's claims must be rejected on the merits, the district court could not properly conclude that all of his claims were frivolous on their face.

### B. *The Requirement of Exhaustion*

Notwithstanding our above discussion, it is not clear that the district court should, on remand, reach the merits of Cuadra's petition. A claim asserted in a federal habeas petition may not properly be entertained unless the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Where a petition includes both exhausted and unexhausted claims, the district court may not properly entertain it. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

In this Court, the State has argued that Cuadra's claim that he was denied a fair trial by the admission of hearsay evidence was never presented to the state courts.

Cuadra's counsel has not squarely contradicted this, and it may well be that his petition contains both exhausted and unexhausted claims. Had the district court required a response from the State, presumably accurate information as to exhaustion would have been forthcoming, *see* Habeas Rule 5 (respondent's answer to petition "shall state whether the petitioner has exhausted his state remedies"); *id.* Advisory Committee Note (failure to exhaust state remedies may be raised by motion), and the court might not have reached the merits of the petition in its present form. Though if we agreed with the district court's assessment that all of the claims asserted by Cuadra were frivolous we would not waste judicial time by sending the matter back for a dismissal on exhaustion grounds, *see Granberry v. Greer*, — U.S. —, 107 S.Ct. 1671, 1674–75, 95 L.Ed.2d 119 (1987), our conclusion that the matter must be remanded also warrants the conclusion that the district court must deal with the exhaustion issue on remand.

In past cases, we have approved the court's allowing a petitioner who alleged both exhausted and unexhausted claims to abandon the unexhausted claims in order to allow the district court to proceed to an adjudication of the exhausted claims. *See, e.g., Rock v. Coombe*, 694 F.2d 908, 914 (2d Cir.1982). On remand, the district court should provide Cuadra with this opportunity. Further, counsel for Cuadra on this appeal has indicated that claims other than those asserted in the *pro se* petition may be available to Cuadra. We express no view as to whether there may be such claims, whether they may have been exhausted and not waived by reason of procedural default, or whether they may have merit. We do suggest, however, that the district court continue the appointment of counsel for Cuadra and allow a fuller development of the record before ruling on the merits.

### CONCLUSION

The judgment of the district court is vacated, and the matter is remanded for

further proceedings not inconsistent with this opinion.