EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,

v.

J.B. HUNT TRANSPORT, INC.
Defendant–Appellee.

No. 01–6253(L), 02–6021(XAP).

United States Court of Appeals,
Second Circuit.

Sept. 29, 2003.

James H. Hanson, Scopelitis, Garvin, Light & Hanson, Indianapolis, IN, for Appellant EEOC.

Julie L. Gantz, U.S. Equal Employment Opportunity Commission, Washington, D.C., for Appellee.

Present: McLAUGHLIN, JACOBS, and POOLER, Circuit Judges.

## SUMMARY ORDER

The Equal Employment Opportunity Commission's ("EEOC") appeals the judgment of the United States District Court for the Northern District of New York (Mordue, *J.*) awarding defendant J.B. Hunt Transport Inc. ("Hunt") $175,157.65 in attorney's fees and expenses and Hunt cross-appeals the district court's order denying recovery for two categories of attorney's fees.

On February 8, 2001, the district court granted summary judgment for Hunt and denied the EEOC's summary judgment motion. *EEOC v. Hunt,* 128 F.Supp.2d 117, 135–36 (N.D.N.Y.2001). In the underlying enforcement action, the EEOC alleged that Hunt violated the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101 *et seq.,* by discriminating against a class of applicants. The district court held that the EEOC failed to show that the claimants were actually disabled or perceived as disabled within the meaning of the ADA. 128 F.Supp.2d at 126. On February 5, 2003, this court, in a divided opinion, affirmed the district court's summary judgment order on different grounds. *EEOC v. Hunt,* 321 F.3d 69, 71 (2d Cir.2003). On February 22, 2001, while the EEOC's appeal of the summary judgment order was pending, Hunt filed a motion to recover attorney's fees and expenses for $299,342.19. On September 27, 2001, the district court granted Hunt's motion in part and denied it in part by order-

ing the EEOC to pay Hunt $175,157.65 in attorney's fees and expenses. *EEOC v. Hunt,* No. 97–CV–1553, 2001 WL 1217201, at *7 (N.D.N.Y. Sept.27, 2001).

The ADA permits the court in its discretion to allow the prevailing party, other than the United States, to recover reasonable attorney's fees and litigation expenses and costs. 42 U.S.C. § 12205 (2003). In *Christiansburg Garment Co. v. EEOC,* the Supreme Court, in setting forth standards to guide the district court's discretion, held that fees are recoverable "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

A determination of whether the prevailing defendant is entitled to attorney's fees "is not a purely factual inquiry ... [but instead] requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law. Thus, such a determination is ordinarily reviewed not for clear error but rather for abuse of discretion." *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 765, 770 (2d Cir.1998).

Here, the district court abused its discretion in ordering the EEOC to pay attorney's fees. Irrespective of whether the EEOC's case regarding the applicants' disabilities is ultimately correct as a matter of law, the inquiry here is far more limited and asks only whether the EEOC's case was frivolous or unreasonable. We conclude that reasonable minds could differ as to the merits. This Court affirmed the dismissal, but we did so on grounds less expansive than those on which the district court had ruled—and even so, it is telling that the panel was divided. While the district court faulted the EEOC for failing to identify the precise nature of each applicant's disability or perceived disability, 128

F.Supp.2d at 126–27, 128, the majority of this Court held only that the evidence in this case was insufficient to support a finding that Hunt regarded the rejected applicants as disabled because Hunt's driving jobs were different from other truck driving jobs. *EEOC v. Hunt,* 321 F.3d at 75. Unlike the district court, the majority did not find that the EEOC's failure to identify a disability was fatal to its claim; the majority affirmed the summary dismissal without ruling on that ground.

The dissenting judge stated that the summary judgment should be reversed because the EEOC had submitted substantial evidence showing that the applicants were discriminated against based on Hunt's perception of them as disabled. *Id.* at 88. This opinion should all but preclude a finding that the EEOC's claim was unreasonable or frivolous on that ground. *See Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir.1991).

In sum, because the EEOC's case was not unreasonable, frivolous or groundless, the district court's award of attorney's fees was an abuse of its discretion. Accordingly, the court hereby REVERSES the district court's award of attorney's fees to Hunt. *A fortiori,* we must dismiss Hunt's cross appeal seeking to increase the district court's award of attorney's fees.