24-2763-cv
*Brinkmann v. Town of Southold*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-six.

PRESENT:
        AMALYA L. KEARSE,
        JOHN M. WALKER, JR.,
        JOSEPH F. BIANCO,
           *Circuit Judges.*

_____

BEN BRINKMANN, HANK BRINKMANN, MATTITUCK 12500 LLC,

        *Plaintiffs-Appellants*,

        v.                                   24-2763-cv

TOWN OF SOUTHOLD, NEW YORK,

        *Defendant-Appellee*.

_____

FOR PLAINTIFFS-APPELLANTS:        CHRISTEN MASON HEBERT (Arif Panju, Jeffrey Redfern, and William Aronin, *on the brief*), Institute for Justice, Austin, Texas and Arlington, Virginia.

FOR DEFENDANT-APPELLEE:        SCOTT J. KREPPEIN, Devitt Spellman Barrett, LLP, Hauppauge, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on September 30, 2024, is **REVERSED**.

Plaintiffs-Appellants Ben Brinkmann, Hank Brinkmann, and Mattituck 12500 LLC (the "Brinkmanns") appeal from the district court's September 30, 2024 order, granting Defendant-Appellee Town of Southold, New York (the "Town") attorney's fees and costs in the amount of $102,713.77. In the underlying action, the Brinkmanns brought a claim, pursuant to 42 U.S.C. § 1983, asserting that the Town violated the Takings Clause of the Fifth Amendment to the United States Constitution by using eminent domain to take a parcel of land for a park as a pretext for thwarting the Brinkmanns' plan to build a hardware store on the land. The Brinkmanns' legal theory depended on the viability of a generalized "pretext" limitation on the Takings Clause power that they claimed is applicable even where the taking is for a public purpose. The district court dismissed the Brinkmanns' claim under Federal Rule of Civil Procedure 12(b)(6), and a panel of this Court affirmed over a dissent. In particular, this Court held that, "when [a] taking is for a public purpose, courts do not inquire into alleged pretexts and motives." *Brinkmann v. Town of Southold*, 96 F.4th 209, 211 (2d Cir. 2024). About six months after this Court affirmed on the merits, the district court issued an order adopting a Report and Recommendation of the assigned Magistrate Judge and awarding $102,713.77 in attorney's fees and costs to the Town, pursuant to 42 U.S.C. § 1988, because it concluded that the Brinkmanns' Takings Clause claim was frivolous. *See Brinkmann v. Town of Southold*, No. 21-cv-2468 (LDH) (JMW), 2024 WL 4355514, at *2–3 (E.D.N.Y. Sept. 30, 2024). Less than one month after the district court's order, the Supreme Court denied the Brinkmanns' petition for certiorari regarding the merits of their claim, although three

justices noted that they would have granted the petition. *See Brinkmann v. Town of Southold*, 145 S. Ct. 428 (2024) (Mem.). On appeal, the Brinkmanns argue that the district court erred in granting the Town attorney's fees and costs because their Takings Clause claim was not frivolous.

"We review a district court's decision to grant attorney's fees for abuse of discretion." *Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 105 (2d Cir. 2022). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

42 U.S.C. § 1988 provides that, in various types of civil rights cases, including those brought pursuant to 42 U.S.C § 1983, "the [district] court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee[.]" 42 U.S.C. § 1988(b). Although generally used to compensate a prevailing plaintiff, Section 1988 "authorizes a district court to award attorney's fees to a [prevailing] defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). "A claim is frivolous where it lacks an arguable basis either in law or in fact." *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (internal quotation marks and citation omitted). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees" in favor of a defendant. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). This high standard reflects the need to "avoid chilling the initiation and prosecution of meritorious civil rights actions," *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998), and means that "it is very rare that victorious defendants in civil rights cases will recover attorney[']s] fees," *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006).

Here, the crux of the Brinkmanns' Takings Clause claim was that the Town unconstitutionally effectuated a taking of their property for a public park as a pretext for defeating their plan to use the land for a hardware store. *See Brinkmann*, 96 F.4th at 210. As set forth below, although the district court and the panel majority rejected the Brinkmanns' theory under the Takings Clause, we conclude that the theory was not so unsupported as to be frivolous.

First, the Brinkmanns' Takings Clause claim presented an issue of first impression in this Circuit. *See id.* at 214 (noting that the purported generalized "pretext" limitation on the takings power "has never presented itself as the dispositive issue in either this Circuit or before the Supreme Court").[1] We have concluded that when a claim presents a new question of law, that fact weighs against characterizing the claim as frivolous. *See Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228, 231 n.6 (2d Cir. 1982) (noting that the defendant's appeal "presented a new question of law which cannot be characterized as frivolous" and therefore denying the plaintiff's request for an award of attorney's fees on appeal); *accord Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 556 (11th Cir. 2016) ("Where an appeal requires a court to decide an issue of first impression in a circuit court, it is not frivolous."); *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1135 (9th Cir. 2008) ("We are particularly reluctant to find a colorable argument frivolous when it has been advanced on a novel issue.").

Second, the Brinkmanns' claim was at least arguably supported by a series of decisions from state high courts. For example, in *New England Estates, LLC v. Town of Branford*, 988 A.2d

---

[1] The Town argues—and the district court concluded—that rather than presenting an issue of first impression, the Brinkmanns' Takings Clause claim was squarely foreclosed by this Court's decision in *Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008). However, neither the majority opinion nor the dissent with respect to the merits appeal in this case treated *Goldstein* as squarely dictating the outcome. *See Brinkmann*, 96 F.4th at 213 (observing that *Goldstein* "confirms" the Court's holding); *id.* at 227–29 (Menashi, J., dissenting) (concluding that *Goldstein* did not control the outcome of the Brinkmanns' claim). We discern no reason to conclude otherwise here.

4

229 (Conn. 2010), the Connecticut Supreme Court stated that "a government actor's bad faith exercise of the power of eminent domain is a violation of the takings clause" and "there is no merit to the . . . claim that a violation of the public use requirement is limited to situations in which the government takes private property for a use that is not a public use." *Id.* at 252. With respect to the merits appeal in this Court, the majority and dissenting opinions grappled with the applicability and persuasive value of *New England Estates* and other state high court decisions. *Compare Brinkmann*, 96 F.4th at 214–18 & n.1 (distinguishing, in detail, "a series of [other] state and federal court decisions which purportedly endorse a generalized 'pretext' limitation on the Takings power") *with id.* at 221–25 (Menashi, J., dissenting) (concluding that state high court cases from Connecticut, Georgia, Pennsylvania, Rhode Island, New Jersey, Massachusetts, Ohio, and Nevada supported the Brinkmanns' generalized pretext theory). We have reversed a district court's grant of attorney's fees where the plaintiffs' claim had less persuasive authority supporting it than the claim in the instant case. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229–30 (2d Cir. 2004) (concluding that the district court abused its discretion in granting the defendant attorney's fees under Section 1988 where one out-of-circuit district court case supported the plaintiffs' legal theory, which "reveal[ed] that plaintiffs had some foundation, albeit a weak one, to bring their claim"); *cf. Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006) (affirming the denial of attorney's fees where the plaintiff's claim was "perhaps very thin" but was "not frivolous").

Accordingly, because the legal theory underlying the Brinkmanns' Takings Clause claim presented an issue of first impression in this Circuit and was at least arguably supported by multiple state high court decisions, we conclude it was not "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421.

The procedural history of this case further supports this conclusion. The legal viability of the Brinkmanns' Takings Clause claim was a close enough call to generate a detailed opinion by the district court, an extensive published opinion by the panel majority on appeal, with a thorough dissent from one judge,[2] and the votes of three Supreme Court justices to grant certiorari. If the Brinkmanns' claim was frivolous, it would not have "deserved and received [this] careful consideration" from all three levels of the federal judiciary. *Hughes*, 449 U.S. at 15. That careful consideration revealed reasonable disagreement over the merits of the claim, and "[a] legal point that is arguable on its merits is by definition not frivolous." *Cuadra v. Sullivan*, 837 F.2d 56, 58 (2d Cir. 1988); *see also Equal Emp. Opportunity Comm'n v. J.B. Hunt Transp., Inc.*, 75 F. App'x 853, 855 (2d Cir. 2003) (summary order) (stating that a dissenting opinion supporting a claim "should all but preclude a finding that the . . . claim was unreasonable or frivolous"). And the very fact that three justices would have granted certiorari in this case further suggests that the Brinkmanns' underlying claim was not frivolous.[3]

To the extent the Town contends that the Brinkmanns' claim—if not frivolous at the outset—became frivolous after the district court highlighted flaws in their legal theory in its decision denying the Brinkmanns' motion for a preliminary injunction, we disagree. To be sure, the Supreme Court has cautioned that a claim may *become* frivolous at some point after the initiation of a suit, *see Christiansburg*, 434 U.S. at 422, and at the preliminary injunction stage

---

[2] The Town argues that the dissenting opinion on the merits appeal should not shield the Brinkmanns from fee shifting here because "[the dissent's] reasoning was different and much more narrow than the arguments [the Brinkmanns] raised." Appellee Br. at 19. Even assuming *arguendo* that the Town's characterization of the dissenting opinion is correct, the district court concluded that the Brinkmanns' *claim* was frivolous (not merely the arguments made in support of it), which is certainly undermined by the presence of the dissenting opinion concluding otherwise.

[3] We find no support for the Town's speculative argument that the votes in favor of certiorari "more likely" reflect "an opportunity to discuss academic nuances in the context of explaining how incredibly flawed Appellants' arguments were." Appellee Br. at 24–25.

here, the district court concluded that the Brinkmanns had not shown a likelihood of success on the merits because the complaint's allegations did not "demonstrate that the purpose of the taking [was] to bestow a private benefit." *Brinkmann v. Town of Southold*, No. 21-cv-2468 (LDH) (JMW), 2021 WL 4295398, at *2 (E.D.N.Y. Sept. 20, 2021). However, a decision on a motion for a preliminary injunction cannot ordinarily render a claim frivolous because such a decision assesses only the *probability* of later success or failure. *See Cayuga Indian Nation of New York v. Seneca Cnty.*, 978 F.3d 829, 834 (2d Cir. 2020) ("[A] preliminary injunction order is, by its very nature, tentative." (internal quotation marks and citation omitted)); *Biediger v. Quinnipiac Univ.*, 691 F.3d 85, 107 (2d Cir. 2012) ("A decision on a preliminary injunction is, in effect, only a prediction about the merits of the case." (internal quotation marks and citation omitted)); *see also Antonyuk v. James*, 120 F.4th 941, 1048 n.126 (2d Cir. 2024) ("We emphasize that we are here reviewing facial challenges to these provisions at a very early stage of this litigation. A preliminary injunction is not a full merits decision, but rather addresses only the *likelihood* of success on the merits. Our affirmance or vacatur of the district court's injunction does not determine the ultimate constitutionality of the challenged . . . provisions, which await further briefing, discovery, and historical analysis, both in this case as it proceeds and perhaps in other cases." (emphasis in original) (internal quotation marks and citations omitted)). In other words, because it is possible for the district court to change its analysis and conclusion regarding the merits at a later stage of the litigation, *see Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953), a party does not generally act frivolously, unreasonably, or without foundation simply by opposing a motion to dismiss after unsuccessfully seeking a preliminary injunction.

In sum, based on the course of this litigation, we conclude that the Brinkmanns' Takings Clause claim—although unsuccessful—could not properly be found frivolous by the district court.

7

Moreover, discerning no other basis in the record for an award of attorney's fees and costs to the Town, it was therefore an abuse of discretion for the district court to grant that award pursuant to Section 1988.

*        *        *

We have considered the Town's remaining arguments and conclude that they are without merit.  Accordingly, we **REVERSE** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court