**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

COSTCO WHOLESALE CORPORATION,
a Washington corporation,
　　　　　　*Plaintiff-Appellant,*

v.

ROGER HOEN; VERA ING; MERRITT
D. LONG, in their official
capacities as members of the
Washington State Liquor Control
Board; WASHINGTON BEER & WINE
WHOLESALERS ASSOCIATION,
　　　　　　*Defendants-Appellees.*

No. 06-36040

D.C. No.
CV-04-00360-MJP

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted
April 11, 2008—Seattle, Washington

Filed August 15, 2008

Before: Carlos T. Bea and Milan D. Smith, Jr.,
Circuit Judges, and Joseph M. Hood,* Senior Judge.

Opinion by Judge Milan D. Smith, Jr.

*The Honorable Joseph M. Hood, Senior United States District Judge
for the Eastern District of Kentucky, sitting by designation.

## COUNSEL

David J. Burman, Perkins Coie LLP, Seattle, Washington, for the plaintiff-appellant.

Paul R. Romain and John C. Guadnola, Gordon Thomas Honeywell Malanca Peterson & Daheim LLP, Tacoma, Washington, for the intervenor-appellee.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

In this appeal, we consider the circumstances in which an intervenor may be held liable for attorney's fees and costs under 42 U.S.C. § 1988(b) and 15 U.S.C. § 26. Costco

Wholesale Corporation (Costco) brought claims against the Washington State Liquor Control Board and certain state officials (collectively, State Defendants), contending that several of Washington's liquor laws violate the Commerce Clause and federal antitrust law. Intervenor-Appellee Washington Beer and Wine Wholesalers Association (WBWWA) materially assisted the State Defendants throughout the litigation, and its members had much at stake financially because of Costco's claims. The district court ruled in favor of Costco on the majority of the claims, but held that only the State Defendants were liable for attorney's fees and costs under § 1988(b) and § 26. Costco challenges the district court's decision not to impose joint and several liability for those expenses on WBWWA. We affirm on the question of WBWWA's liability under § 1988(b), but vacate and remand with respect to § 26.

## I. BACKGROUND

Washington regulates the sale and distribution of alcoholic beverages through a three-tiered system that strictly limits the pricing authority and business practices of beverage producers, distributors, and retailers. Costco filed an action against the State Defendants contending, in Count I, that several aspects of this system violate the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. Count II alleged that Revised Code of Washington §§ 66.24.170 and 66.24.240 violate the Commerce Clause of the United States Constitution by permitting only Washington-based wineries and breweries to distribute directly to retailers in the state. Count III claimed that the restraints challenged in Counts I and II give rise to a cause of action under 42 U.S.C. § 1983. Count IV contended that the challenged provisions also deprived Costco of rights secured by the Washington Constitution.

Shortly after the filing of the complaint, WBWWA, a non-profit professional trade organization comprised of beer and wine distributors, filed a motion to intervene as a defendant pursuant to Federal Rule of Civil Procedure 24(a). The district

court granted the motion after finding that (1) WBWWA had a protectable interest in the litigation because Costco's claims challenged the statutes and regulations underlying WBWWA members' contractual arrangements with producers and retailers, and (2) the State Defendants would not necessarily adequately represent WBWWA's interests in the litigation. Thereafter, WBWWA materially assisted the State Defendants in defending the challenged laws at every stage of the litigation.

Costco mostly prevailed in the district court notwithstanding WBWWA's intervention. Following the United States Supreme Court's decision in *Granholm v. Heald*, 544 U.S. 460 (2005), the district court granted summary judgment in favor of Costco on Count II of the Complaint and the related part of Count III, holding that Revised Code of Washington §§ 66.24.170 and 66.24.240 violate the Commerce Clause by discriminating against out-of-state breweries and wineries. To remedy the violation, Costco requested an injunction permitting out-of-state producers of beer and wine to distribute directly to in-state retailers. However, the district court declined to order that remedy, finding that it would be excessively disruptive of the State's regulatory scheme, and instead enjoined in-state producers from distributing directly to in-state retailers. The court stayed the entry of judgment to permit the Washington Legislature a reasonable period within which to either withdraw the direct-sales privilege from in-state producers or to extend the privilege to out-of-state producers. The Legislature responded by passing a measure that extended the privilege to out-of-state producers for a period of two years.

In substantial part, the district court also ruled in Costco's favor on cross-motions for summary judgment concerning Count I. With one exception, the court also held that all of the challenged restraints violate federal antitrust law. Accordingly, WBWWA's and the State Defendants' motions were denied. The court denied Costco's motion for summary judg-

ment as well, but only because there were disputed issues of material fact concerning whether the challenged restraints were defensible as valid exercises of the State's powers under the Twenty-first Amendment.

The district court subsequently held a bench trial to adjudicate the Twenty-first Amendment defense to Costco's antitrust claims. Based on the evidence presented, the court concluded that the Twenty-first Amendment did not shield the restraints found invalid under the Sherman Act. The district court then enjoined the State Liquor Control Board from enforcing any of the restraints except for the retailer-to-retailer sales ban.

Based on its adjudication of the motions for summary judgment and at the bench trial, the district court entered judgment in favor of Costco on all aspects of Count I except for the retailer-to-retailer sales ban. The court also entered judgment in favor of Costco on Count II and the related portion of Count III. Judgment was entered in favor of the State Defendants and WBWWA on the retailer-to-retailer sales ban under Count I, and on Count IV without prejudice to Costco pursuing that claim in state court.

The State Defendants and WBWWA appealed to our court the adjudication of Count I, and Costco cross-appealed the district court's decision concerning the legality of the retailer-to-retailer sales ban. We reversed the district court in part and affirmed in part in *Costco Wholesale Corp. v. Maleng*, 514 F.3d 915 (9th Cir. 2008). We affirmed by holding that the price-posting and price-holding requirements violate the Sherman Act, that those requirements are not saved by the Twenty-first Amendment, and that the retailer-to-retailer sales ban comports with the Sherman Act. *Id.* at 946. We reversed by holding that none of the other challenged restraints violate the Sherman Act. *Id.* The judgment on Counts II, III, and IV was not reviewed. *Id.* at 923 n.5.

While *Maleng* was pending on appeal, the district court adjudicated liability for attorney's fees and costs. The parties stipulated that Costco was entitled to $1,635,741 in fees and $66,972 in costs and that the State Defendants were liable. However, the parties disagreed about whether WBWWA should be jointly and severally liable along with the State Defendants. Applying *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989), the district court held that WBWWA was not liable for fees and costs because WBWWA did not violate federal antitrust law or Costco's constitutional rights and did not defend the state laws in a frivolous manner. Costco now appeals that decision.[1]

## II.   JURISDICTION AND STANDARD OF REVIEW

28 U.S.C. § 1291 confers jurisdiction to review a district court's denial of attorney's fees. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). "Awards of attorney's fees are generally reviewed for an abuse of discretion." *Id.* However, "[a]ny elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de novo." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002).

## III.   DISCUSSION

The parties' dispute concerns whether *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989), permits Costco to recover attorney fees and costs from WBWWA. *Zipes* involved a class of flight attendants who sued their airline employer for sex discrimination under Title

---

[1]While this appeal was pending, the State Defendants paid to Costco $375,000 in attorney's fees and $10,048.80 in costs. According to the district court, this payment fully discharged the State Defendants' obligation under § 1988(b), and left $1,260,741 in outstanding fees and $56,923 in outstanding costs associated with the antitrust claims. The payment, however, does not affect whether WBWWA should be held jointly and severally liable, the issue now before this court.

VII of the Civil Rights Act of 1964. *Id.* at 755. After almost ten years of litigation, the parties reached a comprehensive settlement. *Id.* at 756-57. The petitioner flight attendants' union intervened to challenge the settlement on behalf of flight attendants not affected by the employer's discriminatory practice, but the district court, Seventh Circuit, and Supreme Court successively rejected that challenge and upheld the agreement. *Id.* at 757. The original class of plaintiff flight-attendants then sought attorney's fees against the union. *Id.* at 757-58. The district court and court of appeals awarded fees, but *Zipes* reversed, holding that a district court should not grant fees under 42 U.S.C. § 2000e-5(k) against an "innocent" intervenor unless the intervenor's action was "frivolous, unreasonable, or without foundation." *Id.* at 761.

**[1]** Because Costco partially prevailed on its antitrust claims under Count I and prevailed on its § 1983 claim under Counts II and III, there are two possible statutory bases for imposing liability for attorney's fees and costs on WBWWA. The first is 42 U.S.C. § 1988(b), which provides that "[i]n any action proceeding to enforce a provision of [42 U.S.C. §] 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The second is 15 U.S.C. § 26, which provides that a court "shall award the cost of suit, including a reasonable attorney's fee," to any plaintiff who files an action seeking injunctive relief "against threatened loss or damage by a violation of the federal antitrust laws" and "substantially prevails." We address whether the district court erred in ruling that *Zipes* precludes WBWWA's fee liability under both statutes.

## A.   Liability under 42 U.S.C. § 1988(b)

**[2]** The rule in *Zipes* extends to questions of intervenor liability for fees and costs under 42 U.S.C. § 1988(b), the § 1983 fee statute. *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1288 (9th Cir. 2004); *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 194 n.20 (9th Cir.

1989). Thus, "§ 1988 fee awards should be made against losing intervenors . . . 'only where the intervenors' action was frivolous, unreasonable, or without foundation.' " *Reed*, 388 F.3d at 1288 (quoting *Zipes*, 491 U.S. at 761).

Costco argues that WBWWA should be held liable for fees and costs notwithstanding this precedent for two reasons: (1) *Zipes* does not apply because WBWWA was not an "innocent" intervenor, and (2) even if *Zipes* applies, WBWWA's defense of the direct-shipping statutes was frivolous in light of *Granholm v. Heald*, 544 U.S. 460 (2005). For the reasons set forth below, we hold that WBWWA is not liable for fees and costs associated with Costco's successful claim under 42 U.S.C. § 1983.

### 1.   Was WBWWA an "innocent" intervenor?

Costco argues that WBWWA is not an "innocent" intervenor, and that *Zipes* is therefore distinguishable, because WBWWA (1) actively defended the unconstitutional laws at every stage of the litigation, (2) lobbied for the Washington Legislature to pass those laws, and (3) created an anti-competitive market by adhering to the laws once they became effective. We address these arguments in turn.

### i.   Defense of the unconstitutional state laws

**[3]** Costco's first argument is unpersuasive because *Zipes* uses the term "innocent" to refer simply to an intervenor who has not been found liable for engaging in unlawful activity. *See* 491 U.S. at 762-63. The facts of that case make clear that an intervenor does not become blameworthy merely by actively litigating an issue and thereby making it more difficult for an opposing party to prevail: The intervenor in *Zipes* had singlehandedly challenged the flight attendants' settlement agreement in the district court and on appeal before the Seventh Circuit and Supreme Court. 491 U.S. at 757. This litigation lasted for nearly three years and cost the flight atten-

dants almost $200,000 in attorney's fees, *id.* at 770-71 (Marshall, J., dissenting), but *Zipes* still found the intervenor "innocent" because the intervenor was not found to have violated Title VII, *id.* at 766. WBWWA is similarly "innocent" insofar as neither the district court nor this court in *Maleng* found WBWWA liable with respect to Costco's § 1983 claim. *See Maleng*, 514 F.3d at 923 n.5; *see also Reed*, 388 F.3d at 1288 (holding that a losing intervenor was not liable for fees under § 1988(b) even though "the [intervenor's] arguments doubtless required the plaintiffs' lawyers to spend additional time" litigating the case).

### ii. Lobbying activity

Costco contends that WBWWA is not innocent because its lobbying led the Washington Legislature to pass the unconstitutional direct-sales privilege. This argument is also at odds with *Zipes* because it suggests that an intervenor may be found blameworthy without any prior finding of liability for engagement in unlawful activity. *See* 491 U.S. at 762-63. Moreover, there is no evidence in the record that WBWWA lobbied for the direct-sales privilege or that such lobbying was the reason for the enactment of the privilege.

### iii. Compliance with the unconstitutional state laws

**[4]** Costco further contends that WBWWA is not innocent because it adhered to the direct-sales privilege, thereby ensuring the law's discriminatory effect. Again, the argument disregards the definition of "innocent" found in *Zipes*. *Id.* Because WBWWA was not found liable under § 1983 for adhering to the discriminatory direct-sales privilege, WBWWA is innocent for the purpose of determining fee liability under § 1988(b). *Id.*

### 2. Was WBWWA's defense against the § 1983 claim frivolous?

**[5]** Because WBWWA was an innocent intervenor, § 1988(b) liability is permissible under *Zipes* only if WBWWA's manner of litigating[2] the § 1983 claim was "frivolous, unreasonable, or without foundation." 491 U.S. at 761. Costco argues that fees are appropriate even if *Zipes* applies because it was frivolous for WBWWA to attempt to defend Washington's direct-shipping statutes after the Supreme Court's decision in *Granholm v. Heald*, 544 U.S. 460 (2005), which was decided while Costco's lawsuit was pending in the district court.

To evaluate Costco's contention, we compare the holdings of *Granholm* with the arguments advanced by WBWWA. *Granholm* held that Michigan and New York laws permitting only in-state wineries to sell directly to in-state consumers violated the Commerce Clause because they "mandate[d] differential treatment of in-state and out-of-state economic interests that benefit[ted] the former and burden[ed] the latter." 544 U.S. at 472 (citation and internal quotation marks omitted). The Court also held that the Twenty-first Amendment did not save the discriminatory laws because the Amendment "does not give States the authority to pass nonuniform laws in order to discriminate against out-of-state goods." *Id.* at

---

[2]*Zipes* focused on whether the innocent intervenor's "action," rather than its conduct during the litigation, was frivolous, unreasonable, or without foundation. *Id.* There is presently no intervenor's "action" to speak of because WBWWA never brought claims against Costco. However, *Zipes*'s focus on intervenor actions appears to derive simply from the facts of the case, which involved a lawsuit brought by an intervenor. We see no reason why the rule in *Zipes* should not also apply to individual claims or arguments advanced by an intervenor. Indeed, *Reed* implicitly extended the holding of *Zipes* to intervenor defendants and their conduct during litigation. *See* 388 F.3d at 1288. We follow that precedent in focusing this part of our analysis on whether WBWWA advanced a frivolous argument in the proceedings below.

484-85. *Granholm* further held that although state laws that discriminate against interstate commerce can be upheld if they "advance[ ] a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives," the Michigan and New York laws failed to advance such a purpose. *Id.* at 489, 490-93. The states argued that the restriction of the direct-shipping privilege to in-state wineries served the purposes of keeping alcohol out of the hands of minors and facilitating tax collection, *id.* at 489, but *Granholm* found this argument unpersuasive. The Supreme Court found that the first asserted justification lacked merit because "minors are just as likely to order wine from in-state producers as from out-of-state ones." *Id.* at 490. The second lacked merit because tax collection could be achieved without discriminating against interstate commerce. *Id.* at 491-92.

**[6]** Costco moved for summary judgment on Counts II and III in light of *Granholm* shortly after that case was decided. WBWWA opposed the motion by attempting to distinguish *Granholm* as involving state laws that prohibited out-of-state *wineries* from selling directly to *consumers*, rather than laws, like the Washington statutes, that prohibit out-of-state *distributors* from selling directly to in-state *retailers*. According to WBWWA, the difference is important because sales to retailers involve substantially greater quantities of alcohol, and involve types of beverages—such as beer—that are more likely to be consumed by minors and chronic abusers. WBWWA asserted that these unique characteristics of alcohol sales to retailers, combined with state interests in tax collection and controlling the orderly distribution of alcohol from in-state suppliers, created a greater governmental interest in regulation.

**[7]** We conclude that the district court did not abuse its discretion in finding that WBWWA's argument was not frivolous. Much of the language in *Granholm* is broad enough to establish that Washington's direct-sales privilege is unconstitutional, but the facts of the case were sufficiently distinct to

make WBWWA's argument colorable, even if it was ultimately unpersuasive. Moreover, because *Granholm* had only recently been decided, no Ninth Circuit authority then existed clarifying the decision and its scope. We are particularly reluctant to find a colorable argument frivolous when it has been advanced on a novel issue. *Cf. Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001) (analyzing whether claims are frivolous in part based on whether "the question in issue was one of first impression requiring judicial resolution"). Because it was not an abuse of discretion to find that WBWWA's arguments were not frivolous, the district court appropriately declined to hold WBWWA liable under § 1988(b).

## B.   Liability under 15 U.S.C. § 26

**[8]** The remaining question is whether WBWWA is liable for fees and costs under 15 U.S.C. § 26 in connection with Costco's antitrust claims. Section 26 provides that a court "shall award the cost of suit, including a reasonable attorney's fee," to any plaintiff who files an action seeking injunctive relief "against threatened loss or damage by a violation of the federal antitrust laws" and "substantially prevails." The district court held that *Zipes* applies to § 26 and that WBWWA was not liable under the statute because WBWWA did not violate the Sherman Act and did not make any frivolous arguments against Costco's antitrust claims. Costco argues that the district court erred because *Zipes* does not apply to § 26.

### 1.   Does *Zipes* apply to 15 U.S.C. § 26?

**[9]** We agree with Costco that *Zipes* does not control the application of 15 U.S.C. § 26 to intervenors. The language of § 26 is significantly different than the language of the statute in *Zipes*, 42 U.S.C. § 2000e-5(k). Unlike § 2000e-5(k), which makes the award of fees and costs discretionary, § 26 makes such an award mandatory. This difference is important. The Supreme Court crafted the rule in *Zipes* to limit a district

court's discretion to award fees under § 2000e-5(k) and similar statutes. *See* 491 U.S. at 758-59; *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (interpreting *Zipes* in this manner). The Court made fee liability dependent upon the blameworthiness of the intervenor because the "large objectives" of the Civil Rights Act of 1964, which "embrace certain equitable considerations," suggest that culpability is an important guide to the manner in which discretion should be exercised under § 2000e-5(k). *Zipes*, 491 U.S. at 759. However, because fee shifting under § 26 is mandatory, equity cannot influence the determination of whether fees and costs should be awarded to substantially prevailing plaintiffs under that statute. We see little basis for extending a rule intended to limit the exercise of discretion to a statute that leaves no room for discretion in the first place.

[10] The narrow range of actions to which § 26 applies also counsels against extending *Zipes*. Whereas § 2000e-5(k) permits fees in actions both for damages and injunctive relief, § 26 mandates fees only in successful injunction actions. In many cases, this narrow focus will render incoherent *Zipes*'s emphasis on innocence and blameworthiness. *See* 491 U.S. at 761-63. This is because where a plaintiff seeks to enjoin prospective unlawful conduct, it cannot fairly be said that the defendant, much less the assisting intervenor, is a "wrongdoer." *Id.* at 762. That designation, like *Zipes*'s general focus on blameworthiness, is more appropriately applied in successful actions for damages, where the plaintiff has necessarily demonstrated past unlawful behavior.

[11] Moreover, extending *Zipes* to § 26 would conflict with the purpose of the statute. Congress made fee awards mandatory under § 26 to "encourage[ ] . . . private parties to bring and maintain meritorious antitrust injunction cases." H.R. Rep. No. 94-499(I), at 20 (1975), *reprinted in* 1976 U.S.C.C.A.N. 2572, 2589-90. Mandatory awards were seen as necessary to protect the injunction-seeking plaintiff's financial incentive to file suit because antitrust cases are "normally

very expensive to bring and maintain" and claims for injunctive relief by nature provide no prospect of money damages. *Id.*, 1976 U.S.C.C.A.N. at 2588-89. Extending the *Zipes* rule to § 26 would deter private enforcement of the federal antitrust laws by encouraging entities such as WBWWA to vigorously defend anti-competitive state laws with little fear of fee liability, and leading potential plaintiffs to feel less confident of success because of the increased likelihood of intervention from sometimes powerful third parties.

*Zipes* explains that liability for fees is generally unwarranted against innocent intervenors under § 2000e-5(k) even though an intervenor's non-liability reduces the likelihood of full fee recovery and thus gives a plaintiff a marginally weaker incentive to file suit. 491 U.S. at 762. However, we construe the mandatory language in § 26 as reflecting greater congressional concern for ensuring fee recovery in meritorious antitrust injunction actions. Given that concern, the rule in *Zipes* operates in greater tension with the purpose of § 26 than it does with that of § 2000e-5(k).

**[12]** In light of these differences, and because *Zipes* suggests only that its rule should apply to statutes similar to § 2000e-5(k), *see* 491 U.S. at 759 n.2, we hold that *Zipes* does not control the question of intervenor liability for fees and costs under § 26. Other cases applying *Zipes* are consistent with this view, with several extending *Zipes* to statutes that, like § 2000e-5(k), permit discretionary fee awards for successful parties, *see Martin v. Franklin Capital Group*, 546 U.S. 132 (2005) (28 U.S.C. § 1447(c)); *Reed*, 388 F.3d at 1288 (§ 1988(b)); *Johnson v. Florida*, 348 F.3d 1334 (11th Cir. 2003) (42 U.S.C. § 1997c(d)), and others distinguishing *Zipes* where the text of the relevant statute is unique, *see, e.g.*, *Ohio River Valley Envtl. Coal., Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 416 (4th Cir. 2007) (30 U.S.C. § 1270(d)).

### 2. Does § 26 permit the imposition of fees and costs on WBWWA?

Even though *Zipes* does not control, it does not necessarily follow that WBWWA is liable for fees and costs under § 26. The question remains whether WBWWA can appropriately be held liable as an intervenor under the statute. Section 26 on its terms does not resolve the question; while it discusses the successful plaintiff's entitlement to fees and costs, it does not clarify from whom such expenses may be recovered.

[13] Turning, therefore, to the purpose of § 26, we hold that the statute permits WBWWA to be held liable for fees and costs because WBWWA (a) had a significant financial interest at stake in the litigation because Costco's complaint challenged the statutes and regulations underlying WBWWA members' contractual arrangements with beer and wine producers and retailers, and (b) acted like a fully involved defendant throughout the litigation. WBWWA filed its own answer to the complaint, a motion for a partial stay, a response to one of Costco's motions for summary judgment, and, eventually, a notice of appeal. These filings advanced several positions not argued by the State Defendants. WBWWA and the State Defendants also jointly moved for judgment on the pleadings, proposed findings of fact and conclusions of law, and filed trial briefs. WBWWA even presented its own witnesses and shared time with the State Defendants in offering opening and closing arguments at the bench trial. These actions increased Costco's cost of seeking relief, and they were carried out because of WBWWA's direct economic interest in the outcome of the lawsuit. The costs imposed on Costco in these circumstances are of the type from which § 26 seeks to protect the injunction-seeking plaintiff. *See* H.R. Rep. No. 94-499(I), at 20 (1975), *reprinted in* 1976 U.S.C.C.A.N. 2572, 2589-90. That WBWWA was not found liable for unlawful conduct is immaterial to this analysis because the purpose of fee-shifting under § 26 is to protect the potential plaintiff's incentive for suit, not to punish wrongdoing. *Id.*

### 3. May WBWWA be found liable for attorney fees under § 26 after *Maleng*?

[14] Although § 26 permits fee liability against intervenors on the basis noted above, it is still not clear that WBWWA can be appropriately held liable. Fees and costs are required under § 26 only if the plaintiff "substantially prevails" in its action for injunctive relief. The briefing provided to this court by the parties operates on the assumption that this requirement was satisfied by Costco's success on most of its antitrust claims. That assumption was warranted after the proceedings before the district court, which adjudged that all but one of the restraints challenged in Count I violated federal antitrust law. However, in *Maleng*, we reversed most of the district court's judgment on Count I and held that only the claims regarding the price-posting and price-holding requirements were meritorious. 514 F.3d at 946. Considering this result, it is no longer clear that Costco "substantially prevailed" on Count I. Because the district court had no opportunity after *Maleng* to address the issue, we remand for a determination of whether Costco's success on its antitrust claims was sufficient under the statute to permit the imposition of liability for fees and costs against WBWWA and, if so, the appropriate amount of recovery.

## IV.  CONCLUSION

We AFFIRM the district court's decision that WBWWA is not liable for fees and costs under 42 U.S.C. § 1988(b). However, we VACATE on the issue of fee liability under 15 U.S.C. § 26 and REMAND for a determination of whether Costco "substantially prevailed" on its antitrust claims within the meaning of that statute. The parties shall bear their own costs on appeal.

AFFIRMED in part; VACATED in part; REMANDED.