**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEGAN JAMES, | No. 08-72346 |
| Petitioner - Appellant, | Tax Ct. No. 5128-06 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Megan James appeals pro se from the Tax Court's summary judgment

upholding the denial of equitable innocent spouse relief for tax years 2000-2004.

We have jurisdiction under 26 U.S.C. § 7482(a).  We review de novo.  *Miller v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002). We affirm.

The Tax Court properly determined that James failed to qualify for innocent spouse relief because she did not file any valid joint returns. *See* 26 U.S.C. § 6065 ("Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."); *Ordlock v. Comm'r*, 533 F.3d 1136, 1139 (9th Cir. 2008) ("To qualify for innocent spouse relief, the taxpayer *must show that the couple filed a joint return*, that the return contained an understatement attributable to 'erroneous items' of the other spouse, and that in signing the return, the 'innocent spouse' did not know or have reason to know of the understatement." (emphasis added)).

James's remaining contentions, including those concerning duress and estoppel, are unpersuasive.

**AFFIRMED.**

08-72346