NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINE EDUCATION COUNCIL, a Delaware non-profit corporation, | No. 23-15984 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-02235-SMB |
| v. | |
| ARIZONA RANGERS, | MEMORANDUM[*] |
| Defendant-third-party-plaintiff-Appellee | |
| v. | |
| GRANT G. WINTHROP, | |
| Third-party-defendant-counter-claimant-Appellant, | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted June 4, 2024
San Francisco, California

Before: MILLER and BUMATAY, Circuit Judges, and BENNETT,[**] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Judge.

Grant Winthrop appeals three district court decisions: (1) the award of attorneys' fees to the Arizona Rangers ("Rangers"), (2) the denial of his motion to amend the judgment under Federal Rule of Civil Procedure 60(a), and (3) the dismissal of his abuse of process claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. Winthrop contests the district court's conclusion that the Rangers were the "successful party" for attorneys' fees purposes, and by extension, its decision to award the Rangers attorneys' fees. While we review awards of attorneys' fees for abuse of discretion, we review related legal issues, including questions of statutory interpretation, de novo. *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1132 (9th Cir. 2008).

Arizona law allows the court to award attorneys' fees to "the successful party" in a contract action. A.R.S. § 12-341.01(A). Section 12-341.01(A) provides that a party is the "successful party" for fees purposes "[i]f a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror" than the written offer. *Id.* Winthrop claims that he is the "successful party" under this definition. We disagree.

Winthrop presented a written settlement offer to the Rangers with four

conditions.  Even assuming that the other conditions were met, Winthrop cannot show that the judgment he obtained satisfies the third condition, which required the "Rangers to provide a statement with mutually agreed upon wording saying that Grant Wintrhop [sic] has not committed any wrongdoing."  Winthrop argues this condition was satisfied when the Rangers' counsel stated during a discovery hearing, "we're not alleging [Winthrop] did anything wrong."  But an off-the-cuff statement by counsel in the middle of a discovery hearing fails to satisfy this condition.  It lacks the formality contemplated by the settlement offer, which does not permit Winthrop to unilaterally decide when a statement satisfied the condition.  We thus conclude that Winthrop was not the "successful party" under § 12-341.01(A).

In the absence of a "successful party" under § 12-341.01(A)'s statutory definition, courts look to Arizona's "totality of the litigation" test to determine if one of the parties is entitled to attorneys' fees.  *See Premier Consulting & Mgmt. Sols., LLC v. Peace Releaf Ctr. I*, 544 P.3d 658, 673 (Ariz. Ct. App. 2024) ("In cases involving varied success on multiple claims . . . it is appropriate for the trial court to use . . . a totality of the litigation test to determine who is the successful party." (simplified)).  When "there was no clear successful party . . . it is proper for the court to find that there were no successful parties."  *Bank One, Ariz. v. Rouse*, 887 P.2d 566, 571 (Ariz. Ct. App. 1994) (simplified).

Under the totality of the litigation, this dispute ended without a "clear

3

successful party." *Id.* The Rangers' claims were mooted, and all but one of Winthrop's counterclaims were either dismissed or resolved through summary judgment in favor of the Rangers. Winthrop's only remaining claim was for a $499.97 reimbursement, which he voluntarily dismissed. The Rangers cannot be the successful party because the group did not receive any indemnification or contribution from Winthrop, which was both the Rangers' primary litigation objective and the impetus for the litigation which prompted Winthrop's counterclaims. We thus reverse the district court's award of attorneys' fees to the Rangers and remand with instructions that each party shall bear their own attorneys' fees.

2. Winthrop next challenges the district court's denial of his Rule 60 motion to amend the judgment. We review for abuse of discretion. *See Garamendi v. Henin*, 684 F.3d 1069, 1077 (9th Cir. 2012). The district court ordered the clerk of court "to enter final judgment on all claims between the Arizona Rangers and Grant Winthrop as previously set forth in this Court's rulings and orders." The clerk of court, however, entered judgment "in favor of Defendant/Third-Party Plaintiff Arizona Rangers." This judgment is clearly inconsistent with the district court's rulings. The clerk's order was thus a clerical error that inaccurately described the district court's rulings. And the district court abused its discretion when it failed to correct the clerk's mistake. Thus, we reverse the district court's denial of Winthrop's

4

motion and remand with instructions to correct the judgment form.

3.      Winthrop argues the district court erred when it dismissed his abuse of process claim under Rule 12(b)(6).  We review de novo and affirm.  *See Holt v. Cnty. of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024).  Under Arizona law, "some secondary gain or emotional satisfaction" is insufficient to state an abuse-of-process claim; instead, there must be "evidence that the court process was used primarily to pursue [an] improper motive."  *Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 889 (Ariz. Ct. App. 2004).  A plaintiff must show "the defendant took an action that could not logically be explained without reference to the defendant's improper motives."  *Id*. Here, Winthrop alleged that the Rangers filed suit against him, but he did not adequately plead that seeking contribution or indemnification was not a logical response to the Wine Education Council's lawsuit, or that the Rangers' primary purpose was improper.  He thus failed to plausibly allege an abuse of process.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4.      The Rangers request attorneys' fees for this appeal.  We deny this request.  *See* § 12-341.01; 9th Cir. R. 39-1.6.

**AFFIRMED in part and REVERSED in part.**