**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL ABORTION FEDERATION, | Nos. 21-16983, 22-15102, 24-1948 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-03522-WHO |
| v. | |
| CENTER FOR MEDICAL PROGRESS, ET AL., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Submitted April 21, 2025

Before:  S.R. THOMAS, MCKEOWN, and CLIFTON, Circuit Judges.

The Center for Medical Progress ("CMP"), Biomax Procurement Services, LLC, and David Daleiden (collectively "Defendants") and Steven Cooley and Brentford Ferreira (collectively "Contemnors") challenge the district court's order awarding both trial-level and appellate-level attorney's fees (22-15102) and costs

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(21-16983).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review for abuse of discretion the district court's ruling on attorney's fees and costs, and de novo any legal analysis embedded in that decision.  *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1132 (9th Cir. 2008).  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.  We affirm.

1.      National Abortion Federation is entitled to attorney's fees and costs from Contemnors.  On appeal, the sole argument raised for both sets of attorney's fees awards is that the district court erred in concluding "that NAF was entitled to attorneys' fees and costs because of language in Exhibitor Agreements."  However, this argument only applies to the award against Defendants, which was based on the language in Exhibitor Agreements and California Civil Code Section 1717.  The award against the Contemnors was based on the contempt order  and caselaw.  The appeal does not challenge either ground on which the Contenmors' specific attorney's fee award was based, nor does it challenge the reasonableness of the district court's award.  This Court has consistently held that arguments not raised "clearly and distinctly" in the opening brief are forfeited.  *See, e.g.*, *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009); *Johnson v. Torres*, 122 F.4th 1140, 1149 n.8 (9th Cir. 2024) ("We decline to entertain that argument, which

Plaintiff forfeited by omitting it from her opening brief.").  Therefore, the

Contemnors forfeited their challenge to the attorney's fee award against them.

     2.     National Abortion Federation is also entitled to attorney's fees and

costs from Defendants.  The district court correctly interpreted the relevant

agreement as triggering California Code Section 1717.  The agreement provides

that violators of the agreement will "reimburse" National Abortion Federation for

all attorney's fees and costs "incurred" in litigating any breach of the agreement.

Because this language "authorizes an award of fees incurred to enforce the

contract," the agreement falls within the scope of California Civil Code Section

1717.  *Int'l Billing Servs., Inc. v. Emigh*, 101 Cal. Rptr. 2d 532, 537 (Ct. App.

2000).  California Civil Code Section 1717 does not require "form language" in

order to authorize an award for attorney's fees.  *Id*.  The fact that National

Abortion Federation's legal counsel was provided pro bono does not change the

text of the agreement nor the agreement's triggering of California Civil Code

Section 1717.[1]

     **AFFIRMED.**

---

[1] By failing to "specifically and distinctly" argue that the district court misinterpreted California Civil Code Section 1717, Defendants forfeited this argument.  *See Greenwood v. FAA.*, 28 F.3d 971, 977 (9th Cir. 1994).